IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| OPTICURRENT, LLC, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CASE NO. 2:16-CV-325-JRG |
| § | |
| POWER INTEGRATIONS, INC. and § | |
| MOUSER ELECTRONICS, § | |
| § | |
| *Defendants*. § | |

## ORDER

Before the Court is Defendants Power Integrations, Inc. ("PI") and Mouser Electronics, Inc.'s ("Mouser") (collectively, "Defendants") Motion to Dismiss or in the Alternative to Sever and Stay the Claims Against Mouser (Dkt. No. 12). After considering the briefing of the parties, the Court finds that the motion should be and is **GRANTED-IN-PART** and **DENIED-IN-PART**.

### I.   BACKGROUND

On April 1, 2016, Plaintiff Opticurrent, LLC ("Opticurrent") filed suit against Defendants for patent infringement. (Dkt. No. 1). Opticurrent alleged that Defendants directly infringed U.S. Patent No. 6,958, 623 ("the '623 Patent"), induced infringement of the '623 Patent, and willfully infringed the '623 Patent. (*Id.* at 3–6). The '623 Patent is titled "Three Terminal Noninverting Transistor Switch." (*See* Dkt. No. 1-1). In its complaint, Opticurrent characterizes the '623 Patent as relating to "transistor switches used in semiconductor devices," and covering "a novel circuit design that, among other things, minimizes current leakage between the second and third terminal of such a transistor switch." (Dkt. No. 1 ¶ 13). Opticurrent alleges that products

produced by PI, including the "LNK585, LNK605DG, TNY179PN, TNY277PN, and TNY247YN products," ("the Accused Products") infringe "at least Claim 1 of the '623 Patent." (Dkt. No. 1 ¶ 15). Additionally, Opticurrent alleges that "Mouser imports sells, and/or offers for sale, the Accused Products in the United States that directly infringe at least Claim 1 of the '623 Patent." (*Id.* ¶ 19).

On May 31, 2016, Defendants moved to dismiss Opticurrent's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state claims of direct infringement, induced infringement, and willfulness. (Dkt. No. 12 at 1). In the alternative, Defendants requested the Court to sever and stay Opticurrent's claims against Mouser under Fed. R. Civ. P. 21 and the "customer suit exception." (*Id.* at 1, 13).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint if it "fail[s] to state a claim upon which relief can be granted." Rule 8(a) of the Federal Rules of Civil Procedure, which governs pleadings in patent infringement cases, provides that a claim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rule of Civil Procedure, a court must assume that all well-pleaded facts are true, and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). However, the Court need not accept as true conclusory allegations and allegations contradicted by other allegations within Plaintiff's own complaint, *Rosas v. Bexar Cty.*, No. 5:14-CV-1082-DAE, 2015 WL 1955406, at *5 (W.D. Tex. Apr. 29, 2015).

The Court must then consider whether those alleged facts state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is

2

plausible on its face when the facts pleaded, accepted as true, allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In making this determination, the court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III.   ANALYSIS

**A.   Willfulness**

Defendants first move to dismiss Opticurrent's claim for willfulness. To recover enhanced damages on a claim for willful infringement, courts should consider "[t]he subjective willfulness of a patent infringer, intentional or knowing . . . without regard to whether his infringement was objectively reckless." *Halo Elec., Inc. v. Pulse Elec., Inc.*, 136 S. Ct. 1923, 1933 (2016). Under *Seagate*, "a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *In re Seagate*, 497 F.3d 1360, 1374 (Fed. Cir. 2007), *overruled on other grounds by Halo*, 136 S. Ct. 1923. Therefore, pre-suit knowledge of the asserted patent is generally required to maintain a claim of willfulness. *Id.*; *see also Touchscreen Gestures LLC v. Research in Motion Ltd.*, No. 6:12-cv-263, 2013 WL 8505349, at *2. However, a limited exception exists when a plaintiff has moved for a preliminary injunction on the ground that the defendant's post-filing conduct is reckless. *Seagate*, 497 F.3d at 1374. In such circumstances, a plaintiff may recover enhanced damages solely upon a finding of post-filing conduct. *Id.* In the absence of a preliminary injunction,

however, a plaintiff may not recover enhanced damages under a theory of willfulness solely for post-filing conduct. *Id.*

Here, the Court finds that Opticurrent has failed to state a claim upon which relief can be granted for willfulness. The entirety of Opticurrent's willfulness allegations in its Complaint are limited to a single statement contained in the Prayer which reads: "That Defendants' infringement be found to be willful from the time Defendants became aware of their infringement, which is the time of filing of Plaintiff's Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284." (Dkt. No. 1 at 6). Notably, Opticurrent makes no effort to allege any pre-suit notice of the '623 Patent or any pre-suit conduct which could plausibly rise to the level of being "characteristic of a pirate." *See Seagate*, 497 F.3d at 1374; *Halo*, 136 S. Ct. at 1932. Furthermore, Opticurrent has not sought a preliminary injunction to stop Defendants' alleged conduct. Therefore, it cannot take advantage of the limited exception allowing plaintiffs to recover for solely post-filing conduct. Accordingly, the Court finds that Opticurrent's claim for willful infringement should be and is dismissed for failure to state a claim.

**B.    Induced Infringement**

Defendants next moved to dismiss Opticurrent's claim for induced infringement. To state a claim for induced infringement, a plaintiff must allege facts to plausibly support the assertion that the defendant specifically intended a third party to directly infringe the plaintiff's patent and knew that the third party's acts constituted infringement. 35 U.S.C. § 271(b); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). Therefore, the complaint must (1) adequately plead direct infringement by the defendant's customers, (2) contain facts plausibly showing that the defendant specifically intended for its customers to

infringe, and (3) contain facts plausibly showing that defendant knew that the customer's acts constituted infringement. *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-cv-911; 2015 WL 5786501, at *2 (E.D. Tex. Sept. 29, 2015). "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006).

Unlike the willfulness inquiry, this Court has held that there is no pre-suit knowledge requirement to establish induced infringement. *See Tierra Intelectual Borinquen, Inc. v. ASUS Comp. Int'l, Inc.*, No. 2:13-cv-44, 2014 WL 1233040, at *2 (E.D. Tex. March 24, 2014). As this Court has stated, "[a] pre-suit knowledge requirement for induced infringement would lead to absurd results. If pre-suit knowledge were required, companies would have carte blanche to induce infringement purposefully provided that they were unaware of the patent prior to suit." *Id.*

Here, the Court finds that Opticurrent has satisfied its pleading burden. First, Opticurrent alleges that customers, such as Mouser, directly infringe the '623 Patent by using, importing, marketing, selling, or offering for sale the accused products. (Dkt. No. 1 ¶ 16, 19). Second, Opticurrent has alleged that PI possessed specific intent for its customers to infringe by "providing product briefs, specification sheets and/or instructions on how to incorporate the Accused Products into customer electronic products in a way that would infringe the Patent-in-Suit." (*Id.* ¶ 17). Finally, Opticurrent alleges that PI "has had knowledge of, or was willfully blind to, the Patent-in-Suit and [has] knowledge of, or was willfully blind, to the fact that its actions would induce infringement since at least as early as the filing of this Complaint." (*Id.* ¶ 16).

Defendants' primary argument that Opticurrent's claim for induced infringement should be dismissed is that PI lacks the specific intent to induce infringement because it did not know that the patent existed until this suit was filed. (Dkt. No. 12 at 10).[1] However, as this Court has previously recognized, there is no pre-suit knowledge requirement for induced infringement. *Tierra Intelectual Borinquen*, 2014 WL 1233040, at *2. Therefore, at a minimum Opticurrent has properly stated a claim for post-filing induced infringement. Accordingly, Defendants motion to dismiss Opticurrent's claim of induced infringement should be and is denied.

**C.     Direct Infringement**

Defendants next move to dismiss Opticurrent's claim for direct infringement. "To establish infringement of a patent, every limitation set forth in a claim must be found in an accused product or process exactly or by a substantial equivalent." *Becton Dickinson and Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 796 (Fed. Cir. 1990). To state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant "without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent." 35 U.S.C. § 271(a); Fed. R. Civ. P. 8(a); *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012).

Here, Opticurrent has carried its burden to plead facts which plausibly state a claim for direct infringement. In relevant part, Opticurrent alleges:

> Power Integrations, without authority, consent, right, or license, and in direct infringement of the '623 Patent, manufactures, has manufactured, makes, has made, uses, imports, has imported, markets, sells, or offers for sale systems or products that directly infringe one or more of the claims of the '623 Patent. By way of example only, Power Integrations' LNK585, LNK605DG, TNY179PN,

---

[1] Defendants also allege that Opticurrent has failed to adequately plead induced infringement for reasons relating to the substance of their arguments regarding direct infringement. In essence, Defendants allege that because Opticurrent's allegations regarding direct infringement are so vague, PI necessarily lacked the necessary post-filing specific intent to induce infringement. (Dkt. No. 12 at 10). Rather than address the issue of direct infringement twice, the Court reserves discussion regarding direct infringement for subsection III.C. of this Order.

6

>    TNY277PN, and TNY247YN products, and any other similarly structured or functioning products that include a three terminal non-inverting switch in accordance with the '623 Patent, directly infringe at least Claim 1 of the '623 Patent. The Accused Products infringe the '623 Patent because, at a minimum, they comprise a three terminal non-inverting switch with a voltage stabilizer and a CMOS inverter, all of which are arranged in an infringing manner in accordance with Claim 1 of the '623 Patent. By providing the circuit in this configuration, the chip experiences, among other things, a lower amount of current leakage between the second and third terminal as described as a key advantage of the novel '623 Patent circuit design.

(Dkt. No. 1 ¶ 15).

Defendants argue that Opticurrent's Complaint is too vague and that it fails to "give an indication of what circuits are accused." (Dkt. No. 12 at 11). According to Defendants, Opticurrent fails to state "how and why" the chips allegedly infringe, and as a result the overbroad nature of the Complaint would require Defendants to "search for a nonexistent needle in a hay stack to know what actually stands accused of infringement." (*Id.*). The Court disagrees.

A plaintiff is not required to prove its case at the motion to dismiss stage. Rather, the plaintiff only needs to plead facts which, viewed in the light most favorable to the plaintiff, allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In this case, Opticurrent's allegations in its complaint, viewed in the light most favorable to the Opticurrent, give rise to a reasonable inference that Defendants have directly infringed. Specifically, Opticurrent has identified the asserted patent and claim, described the technology covered by the patent, identified the infringing activity, identified the accused product, and identified how the accused product infringes. The plaintiff is not required to exhaustively detail its claims and theories of infringement in the Complaint—Rule 8 simply requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Indeed, the Local Patent Rules requiring infringement contentions would be superfluous if the federal rules required such

an exhaustive pleading standard. *See* P.R. 3-1. Therefore, the Court is satisfied that Opticurrent has carried its burden to avoid dismissal of its claim of direct infringement under Rule 12(b)(6).

**D.     Severance and Stay**

Finally, Defendants argue that Opticurrent's claims against Mouser should be severed and stayed under the "customer suit exception." Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n a motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Courts have long recognized that Rule 21 "authorizes the severance of any claim, even without a finding of improper joinder, when there are sufficient other reasons for ordering a severance." *Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968). More recently, the Federal Circuit has adopted the "customer-suit exception" from the "first-to-file" rule as a basis for severing a claim for patent infringement brought against the customer of the "true defendant." *In re Nintendo*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). In such situations, the Federal Circuit has recognized, "[w]hen a patent owners files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally takes precedence." *Id.* "The customer-suit exception to the first-to-file rule exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *Id.* In *Nintendo*, the Federal Circuit extended the customer-suit exception to cases in which the plaintiff sues the manufacturer and a customer, and the defendants seek a severance of the plaintiff's claims against the customer. *Id.*

Here, Defendants argue that the Court should sever and stay Opticurrent's claims against Mouser under the customer-suit exception. According to Defendants, this case is an example of a

situation "where the resolution of a suit against a manufacturer (PI) would inherently resolve the suits against the customer (Mouser)." (Dkt. No. 12 at 13). In this sense, Opticurrent's claims against Mouser are "peripheral" to its claims against PI. (*Id.* at 16). Therefore, "the actions against the customer should be severed and stayed pending resolution of the action against the manufacturer." (*Id.* at 13). Opticurrent responds by arguing that "adjudication of the claims against Power Integrations is not necessarily dispositive of the claims against Mouser." (Dkt. No. 17 at 8). According to Opticurrent, it is possible that PI manufactures some of the Accused Products outside the United States and that Mouser imports those products. (*Id.* at 8–9). In this sense, Opticurrent "anticipates that discovery will demonstrate that Mouser is a necessary party for Plaintiff to be able to recover damages for the full scope of infringement by both Power Integrations and Mouser." (*Id.* at 9).

The Court agrees with Defendants that the claims against Mouser should be severed and stayed. Whether or not the claims against PI are completely dispositive of the claims against Mouser, a finding that PI infringes is a prerequisite to recovery from Mouser given that Mouser is merely a "distributor or reseller of the accused products." (Dkt. No. 17 at 8). Therefore, PI is the "true defendant" in the present suit and the burdens of trial should not be unnecessarily imposed upon its customer, Mouser. *See Nintendo*, 756 F.3d at 1365. In the interest of judicial economy, the Court finds that Opticurrent's case against PI should proceed separately and first. However, should Opticurrent succeed in its case against PI, the Court will permit it to conduct discovery on the issue of importation of certain Accused Products manufactured abroad (which it raises in its Response to Defendants' Motion to Dismiss) to determine whether or not the claims against Opticurrent are necessary to permit recovery of "damages for the full scope of infringement." (Dkt. No. 17 at 9).

## IV.   CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss or in the Alternative to Sever and Stay the Claims Against Defendant Mouser Electronics (Dkt. No. 12) is **GRANTED-IN-PART** as follows: Defendants' Motion to Dismiss Opticurrent's claim of willful infringement is **GRANTED WITHOUT PREJUDICE**, and the Courts **GRANTS** Opticurrent leave to replead its claim of willfulness within 14 days of the issuance of this Order. Defendants' Motion to Dismiss Opticurrent's claim of induced infringement is **DENIED**. Defendant's Motion to Dismiss Opticurrent's claim of direct infringement is **DENIED**. Defendants' Motion to Sever and Stay the claims against Mouser is **GRANTED**, however should Opticurrent succeed in its claims against PI the Court will allow it to conduct additional targeted discovery to determine whether Mouser imports certain Accused Products which are manufactured abroad.

**So Ordered this**
**Oct 19, 2016**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE